UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
GENERALI ITALIA S.P.A. as subrogee of
IVECO DEFENSE VEHICLES, S.P.A.,                    Docket No.:

                          Plaintiff,             **COMPLAINT**

   -against-
                                                  **TRIAL BY JURY DEMANDED**

BREN-TRONICS, INC.,

                          Defendant.
----------------------------------------------------------------X

      The Plaintiff, GENERALI ITALIA, S.P.A. as subrogee of IVECO DEFENSE VEHICLES, S.P.A. ("Generali"), by and through its attorneys, Gerber Ciano Kelly Brady LLP, as and for its Complaint, upon information and belief, alleges as follows:

## THE PARTIES

    1.    The Plaintiff, Generali is a foreign business corporation organized and existing under the laws of the Republic of Italy, with its principal place of business located at Via Marocchesa, 14, 31021 Mogliano Veneto (TV), Italy.

    2.    Upon information and belief, Defendant, BREN-TRONICS, INC. ("Bren-Tronics"), is a domestic business corporation organized and existing under the laws of the State of New York, with its principal place of business located at 10 Brayton Court, Commack, New York 11725.

## JURISDICTION

    3.    The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1332, as this action is between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and the costs of this action.

    4.    Venue is properly laid in the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. § 1391, as the events giving rise to this action occurred in this District and the Defendant is domiciled and does business in this District.

## FACTUAL ALLEGATIONS

**I.     The Product**

5.     At all times material hereto, Defendant, Bren-Tronics was and is engaged in the design, manufacture, sale and distribution of batteries and charging systems, including the BT-70939CU Lithium-Ion 6T battery (hereinafter "6T Battery").

6.     On or about March 28, 2016, Bren-Tronics sold, distributed, supplied, shipped and exported five (5) 6T Batteries, serial numbers P635, P662, P671, P672 and P673, to distributor, Angelo Podesta, S.r.l. located at Via Scarsellini 63-65, 16149 Genova, Republic of Italy.

7.     On or about April 13, 2016, distributor Angelo Podesta, S.r.l. sold, distributed, supplied and shipped the five (5) 6T Batteries to supplier, Techne, S.r.l. located at Via Della Stella 68, 25062 Concesio BS, Republic of Italy.

8.     At a point in time after April 13, 2016 and prior to December 2, 2017, supplier Techne, S.r.l. sold, distributed, supplied and shipped the five (5) 6T Batteries to Plaintiff's subrogor, IVECO DEFENSE VEHICLES, S.P.A. ("IVECO") located at Via Alessandro Volta n. 6, 39100 Bolzano, Republic of Italy.

**II.    Plaintiff's Subrogor**

9.     IVECO is a foreign business corporation organized and existing under the laws of the Republic of Italy, with its principal place of business located at Via Volta, 6, I-39100 Bolzano, Italy.

10.    At all relevant times, IVECO was and is an industrial manufacturer of logistic, multirole and armored vehicles for military and civil defense, including the IVECO Light Multirole Vehicle (hereinafter "LMV").

11.    The LMV is a four-wheel drive tactical vehicle developed by IVECO and in service with militaries in various countries.

2

12. On or about June 10, 2017, IVECO entered into a contract with Leonardo-Finmeccanica, S.p.A. (hereinafter "Leonardo") for the development of LMVs.

13. As part of its contract with Leonardo, IVECO developed a specific LMV, identified as VTLM2 PS2.

14. On and prior to December 2, 2017, the VTLM2 PS2 was kept at IVECO's plant located in Bolzano, Italy.

15. Prior to December 2, 2017, IVECO properly installed one of the five (5) 6T Batteries into the VTLM2 PS2.

### III. The Loss

16. On and prior to December 2, 2017, IVECO was insured by Plaintiff, Generali pursuant to a policy of insurance (hereinafter the "Policy") that was fully in force.

17. On or about December 2, 2017, at about 3:00 a.m., component parts, including but not limited to, the Printed Circuit Board ("PCB"), of Defendant's 6T Battery failed, resulted in unexpected combustion and caused IVECO's VTLM2 PS2 to catch fire.

18. Bren-Tronics acts and omissions directly and proximately caused fire damage to Plaintiff's insured's VTLM2 PS2 and directly and proximately caused severe and substantial damage to the property of IVECO, the fair and reasonable value of which is an amount in excess of One Million Five Hundred Twenty Thousand Eight Hundred Eighty-One Dollars and 40/100 ($1,520,881.40).

19. IVECO subsequently submitted a claim to Plaintiff, Generali, seeking reimbursement under the Policy for the full amount of the property damages which it sustained as a direct and proximate result of the subject fire and property damage.

20. Pursuant to its duties and obligations under the Policy, on or about June 5, 2019, the Plaintiff, Generali, made payment to others and reimbursed IVECO a total amount in excess of One Million Five Hundred Twenty Thousand Eight Hundred Eighty-One Dollars and 40/100

($1,520,881.40).

21. By virtue of the aforesaid payments, and pursuant to the terms of the Policy, Plaintiff became subrogated to the extent of its payments to IVECO's respective right to recovery and is entitled to recover the same amount from the named Defendant in this action.

**AS AND FOR A FIRST CAUSE OF ACTION AGAINST
DEFENDANT BREN-TRONICS, INC.
(STRICT PRODUCT LIABILITY – DESIGN DEFECT)**

22. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "21" above, as if more fully set forth herein.

23. The 6T Battery failure and fire damage and the resulting severe and substantial damages sustained by Plaintiff, Generali's insured for which the Defendant is strictly liable, was directly and proximately caused by the improper and or defective design, distribution and sale of the 6T Battery and/or related component parts, including the PCB.

24. The improper and/or defective design, distribution, and sale of the 6T Battery, and/or its component parts including but not limited to the PCB, directly and proximately created a dangerous condition in the 6T Battery that posed an unreasonable risk of harm to Plaintiff's insured's property.

25. Certain component parts for the 6T Battery, including but not limited to the PCB and/or related component parts were designed, distributed, sold and/or otherwise placed into the stream of commerce by Defendant, and, as such, the Defendant is strictly liable to Plaintiff, Generali, under the laws of the State of New York and under the principles set forth in § 402A of the Restatement of Torts, 2d.

26. On and prior to December 2, 2017 there existed several products on the market with feasible alternative designs which would have better and more safely prevented the 6T Battery from unexpectedly combusting and/or catching fire and which made no meaningful difference in the cost or efficiency and were made from readily available parts and materials.

4

27. The Defendant knew or reasonably should have known that the aforementioned improper and/or defective design, distribution and/or sale of the 6T Battery, including but not limited to the PCB and/or related component parts, created unreasonably dangerous products which exposed members of the public and Plaintiff, Generali's insured to an unreasonable risk of harm of damage by failure of the 6T Battery, including but not limited to the PCB and/or related component parts which caused the subsequent fire damage and the resulting severe and substantial damages.

28. In distributing and/or otherwise placing into the stream of commerce the 6T Battery, including but not limited to the PCB and/or related component parts designed distributed, and/or sold by the Defendant proximately caused the Plaintiff, Generali's insured's damages, and Defendant should be held strictly liable for the same.

29. As a direct and proximate result of the aforesaid strict liability producing acts and omissions of the Defendant and/or its representatives, agents, servants and/or employees for which Defendant is strictly liable, the subject fire and property damaged occurred and directly and proximately caused Plaintiff's insured to sustain severe and substantial property damage, the fair and reasonable value of which is an amount in excess of One Million Five Hundred Twenty Thousand Eight Hundred Eighty-One Dollars and 40/100 ($1,520,881.40).

30. Plaintiff's insured subsequently submitted a claim to Generali seeking reimbursement under the Policy for the damages that it sustained as a result of the subject fire and property damage.

31. Pursuant to its duties and obligations under the Policy, Generali reimbursed its insured in a total amount in excess of One Million Five Hundred Twenty Thousand Eight Hundred Eighty-One Dollars and 40/100 ($1,520,881.40).

32. By virtues of the aforesaid payments, and pursuant to the terms of the respective insurance policy, Plaintiff, Generali, became subrogated to the extent of its payments to its

insured's respective right to recovery and is entitled to recover the same amount from the named Defendant in this action.

**WHEREFORE**, Plaintiff, GENERALI ITALIA, S.P.A. as subrogee of IVECO DEFENSE VEHICLES, S.P.A., demands judgment in its favor and against Defendant, BREN-TRONICS, INC. in an amount in excess of One Million Five Hundred Twenty Thousand Eight Hundred Eighty-One Dollars and 40/100 ($1,520,881.40), together with prejudgment and post judgment interest, fees, costs and such other relief as this Honorable Court may order.

**AS AND FOR A SECOND CAUSE OF ACTION AGAINST
DEFENDANT BREN-TRONICS, INC.
<u>(STRICT PRODUCT LIABILITY – MANUFACTURE DEFECT)</u>**

33. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "32" above, as if more fully set forth herein.

34. The 6T Battery failure and fire damage and the resulting severe and substantial damages sustained by Plaintiff, Generali's insured for which the Defendant is strictly liable, was directly and proximately caused by flaws and/or defects in the manufacture of the 6T Battery and/or its component parts including but not limited to the PCB.

35. Defendant failed to perform adequate quality control, testing and inspection to prevent, discover and remedy the manufacturing flaws and/or defects in the 6T Battery and/or its component parts including but not limited to the PCB.

36. The flaws and/or defects in the manufacture of the 6T Battery, and/or its component parts including but not limited to the PCB, directly and proximately created a dangerous condition in the 6T Battery that posed an unreasonable risk of harm to Plaintiff's insured's property.

37. Certain component parts for the 6T Battery, including the PCB and/or related component parts were designed manufactured, assembled, distributed, sold and/or otherwise placed into the stream of commerce by Defendant, and, as such, the Defendant is strictly liable to

Plaintiff, Generali, under the laws of the State of New York and under the principles set forth in § 402A of the Restatement of Torts, 2d.

38. The Defendant knew or reasonably should have known that the aforementioned flaws and/or defects in the manufacture of the 6T Battery, including but not limited to the PCB and/or related component parts created unreasonably dangerous products which exposed members of the public and Plaintiff, Generali's insured's property to an unreasonable risk of harm of damage by failure of the 6T Battery, including but not limited to the PCB and/or related component parts which caused the subsequent fire damage and the resulting severe and substantial damages.

39. In distributing and/or otherwise placing into the stream of commerce the 6T Battery, including but not limited to the PCB and/or related component parts manufactured, distributed, assembled and/or sold by the Defendant proximately caused the Plaintiff, Generali's insured's damages and Defendant should be held strictly liable for the same.

40. As a direct and proximate result of the aforesaid strict liability producing acts and omissions of the Defendant and/or their representatives, agents, servants and/or employees for which Defendant is strictly liable, the subject fire and property damaged occurred and directly and proximately caused Plaintiff's insured to sustain severe and substantial property damage, the fair and reasonable value of which is an amount in excess of One Million Five Hundred Twenty Thousand Eight Hundred Eighty-One Dollars and 40/100 ($1,520,881.40).

41. Plaintiff's insured subsequently submitted a claim to Generali seeking reimbursement under the Policy for the damages that it sustained as a result of the subject fire and property damage.

42. Pursuant to its duties and obligations under the Policy, Generali reimbursed its insured in a total amount in excess of One Million Five Hundred Twenty Thousand Eight Hundred Eighty-One Dollars and 40/100 ($1,520,881.40).

7

43. By virtues of the aforesaid payments, and pursuant to the terms of the respective insurance policy, Plaintiff, Generali, became subrogated to the extent of its payments to its insured's respective right to recovery and is entitled to recover the same amount from the named Defendant in this action.

**WHEREFORE**, Plaintiff, Plaintiff, GENERALI ITALIA, S.P.A. as subrogee of IVECO DEFENSE VEHICLES, S.P.A., demands judgment in its favor and against Defendant, BREN-TRONICS, INC. in an amount in excess of One Million Five Hundred Twenty Thousand Eight Hundred Eighty-One Dollars and 40/100 ($1,520,881.40), together with prejudgment and post judgment interest, fees, costs and such other relief as this Honorable Court may order.

### AS AND FOR A THIRD CAUSE OF ACTION AGAINST DEFENDANT BREN-TRONICS, INC. (STRICT PRODUCT LIABILITY – FAILURE TO WARN)

44. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "43" above, as if more fully set forth herein.

45. At all relevant times herein, Defendant designed, manufactured, exported and distributed the 6T Battery, knowing and intending for it to be used by the public.

46. On and prior to December 2, 2017, Plaintiff's insured was making use of the 6T Battery in a manner which the Defendant knew and intended the 6T Battery to be used and/or in a manner foreseeable by the Defendant.

47. On and prior to December 2, 2017, Plaintiff's insured used the 6T Battery of Defendant in the manner intended and/or foreseeably intended, when the 6T Battery failed, malfunctioned, unexpectedly combusted, caught fire, and/or otherwise caused injury, thereby causing Plaintiff's insured sustain severe and substantial fire and property damage.

48. The 6T Battery was defective and unreasonably dangerous because there was a lack of adequate warnings, instructions and/or notices that the 6T Battery could unexpectedly combust, catch fire and/or otherwise cause injury, or how to avoid that risk.

49. The Defendant knew or reasonably should have known the dangerous nature of the 6T Battery and by virtues of its business, knew of should have known of the need to provide adequate warnings, instructions and/or notice concerning use of the 6T Battery.

50. Defendant is liable to Plaintiff for failing to exercise reasonable care in determining accuracy of information provided and/or failing to exercise reasonable care in communicating information regarding the safety and functionality of the 6T Battery. Plaintiff's insured relied on such information and such reliance was foreseeable by the Defendant.

51. The Defendant had a duty to give reasonable warning of the danger involved in use of the 6T Battery and failed to provide the public, including Plaintiff's insured, notice of the dangers involved.

52. The Plaintiff, Generali's insured's damages were directly and proximately caused solely by Defendant's failure to warn of the defect and dangers inherent in the use of the 6T Battery.

53. As a direct and proximate result of the aforesaid strict liability producing acts and omissions of the Defendant and/or their representatives, agents, servants and/or employees for which Defendant is strictly liable, the subject fire and property damaged occurred and directly and proximately caused Plaintiff's insured to sustain severe and substantial property damage, the fair and reasonable value of which is an amount in excess of One Million Five Hundred Twenty Thousand Eight Hundred Eighty-One Dollars and 40/100 ($1,520,881.40).

54. Plaintiff's insured subsequently submitted a claim to Generali seeking reimbursement under the Policy for the damages that it sustained as a result of the subject fire and property damage.

55. Pursuant to its duties and obligations under the Policy, Generali reimbursed its insured in a total amount in excess of One Million Five Hundred Twenty Thousand Eight Hundred Eighty-One Dollars and 40/100 ($1,520,881.40).

56. By virtues of the aforesaid payments, and pursuant to the terms of the respective insurance policy, Plaintiff, Generali, became subrogated to the extent of its payments to its insured's respective right to recovery and is entitled to recover the same amount from the named Defendant in this action.

**WHEREFORE**, Plaintiff, Plaintiff, GENERALI ITALIA, S.P.A. as subrogee of IVECO DEFENSE VEHICLES, S.P.A., demands judgment in its favor and against Defendant, BREN-TRONICS, INC. in an amount in excess of One Million Five Hundred Twenty Thousand Eight Hundred Eighty-One Dollars and 40/100 ($1,520,881.40), together with prejudgment and post judgment interest, fees, costs and such other relief as this Honorable Court may order.

### AS AND FOR A FOURTH CAUSE OF ACTION AGAINST DEFENDANT BREN-TRONICS, INC. (BREACH OF WARRANTY)

57. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "56" above, as if more fully set forth herein.

58. Defendant warranted and labeled its product.

59. Defendant expressly and impliedly warranted that the 6T Battery was fit for the purpose for which it was intended and that the Defendant expressly and impliedly warranted that the 6T Battery was safe to use in every respect, and had been designed, manufactured, assembled, distributed and/or sold safely and warranted that it was good, safe and proper for use for Plaintiff's insured's intended purposes. Plaintiff's insured, relying on Defendant's express warranties, proceeded to use the 6T Battery in accordance with its intended use.

60. Defendant expressly and impliedly warranted that the 6T Battery was of merchantable quality and was safe for Plaintiff's insured's intended use. Defendant was a merchant with respect to the 6T Battery and its product was not merchantable as warranted. Plaintiff's insured, relying on Defendant's express and implied warranties, proceeded to use the 6T Battery in accordance with its intended use.

61. On and prior to December 2, 2017, Plaintiff's insured used the 6T Battery of

Defendant in the manner intended and/or foreseeably intended, when the 6T Battery failed, malfunctioned, unexpectedly combusted, caught fire and/or otherwise caused injury, thereby causing Plaintiff's insured to sustain severe and substantial fire and property damage

62. On and prior to December 2, 2017, Plaintiff's insured, while using the 6T Battery in accordance with its intended use and pursuant to its express and implied warranties, was caused to suffer severe and substantial fire and property damage.

63. Defendant by and through it employees, agent, contractors, subcontractors, servants and/or representatives, designed, manufactured, assembled, tested, inspected, produced, marketed, exported, distributed and sold the 6T Battery which directly and proximately caused Plaintiff's insured to suffer severe and substantial fire and property damage.

64. The aforementioned resulting severe and substantial fire and property damage was directly and proximately caused by was caused solely and wholly by reason that the Defendant breached its warranty of merchantability and fitness for intended use of the 6T Battery which warranties were both express and implied.

65. As a direct and proximate result of the aforesaid acts, the subject fire and property damage occurred and directly and proximately caused Plaintiff's insured to sustain severe and substantial property damages, the fair and reasonable value of which is an amount in excess of One Million Five Hundred Twenty Thousand Eight Hundred Eighty-One Dollars and 40/100 ($1,520,881.40).

66. Plaintiff's insured subsequently submitted a claim to Generali seeking reimbursement under the Policy for damages that it sustained as a result of the subject fire and property damage.

67. Pursuant to its duties and obligations under the Policy, the Plaintiff, Generali, paid others and reimbursed its insured a total amount in excess of One Million Five Hundred Twenty Thousand Eight Hundred Eighty-One Dollars and 40/100 ($1,520,881.40).

68. By virtue of the aforesaid payments, and pursuant to the terms of the Policy, Plaintiff, Generali, became subrogated to the extent of its payments to its insured's respective right to recovery and is entitled to recover the same amount from the named Defendant in this action.

**WHEREFORE**, Plaintiff, Plaintiff, GENERALI ITALIA, S.P.A. as subrogee of IVECO DEFENSE VEHICLES, S.P.A., demands judgment in its favor and against Defendant, BREN-TRONICS, INC. in an amount in excess of One Million Five Hundred Twenty Thousand Eight Hundred Eighty-One Dollars and 40/100 ($1,520,881.40), together with prejudgment and post judgment interest, fees, costs and such other relief as this Honorable Court may order

### AS AND FOR A FIFTH CAUSE OF ACTION AGAINST DEFENDANT BREN-TRONICS, INC. (NEGLIGENCE)

69. Plaintiff repeats and re-alleges all of the allegations contained in Paragraphs "1" through "69" above, as if more fully set forth herein.

70. The aforementioned resulting severe and substantial fire and property damage was directly and proximately caused by the carelessness, recklessness, and/or negligent acts and/or omissions of Defendant, by and through its employees, agent, contractors, subcontractors, servants and/or representatives, in failing to properly design, manufacture, assemble, distribute and/or sell the 6T battery and component parts, including the PCB.

71. As a direct and proximate result of the aforesaid acts of carelessness, recklessness and/or negligent acts and/or omissions by Defendant, by and through it employees, agent, contractors, subcontractors, servants and/or representatives, the subject fire and property damage occurred and directly and proximately caused Plaintiff's insured to sustain severe and substantial property damages, the fair and reasonable value of which is an amount in excess of One Million Five Hundred Twenty Thousand Eight Hundred Eighty-One Dollars and 40/100 ($1,520,881.40).

72. Plaintiff's insured subsequently submitted a claim to Generali seeking

reimbursement under the Policy for damages that it sustained as a result of the subject fire and property damage.

73. Pursuant to its duties and obligations under the Policy, the Plaintiff, Generali, paid others and reimbursed its insured a total amount in excess of One Million Five Hundred Twenty Thousand Eight Hundred Eighty-One Dollars and 40/100 ($1,520,881.40).

74. By virtue of the aforesaid payments, and pursuant to the terms of the Policy, Plaintiff, Generali, became subrogated to the extent of its payments to its insured's respective right to recovery and is entitled to recover the same amount from the named Defendant in this action.

**WHEREFORE**, Plaintiff, Plaintiff, GENERALI ITALIA, S.P.A. as subrogee of IVECO DEFENSE VEHICLES, S.P.A., demands judgment in its favor and against Defendant, BREN-TRONICS, INC. in an amount in excess of One Million Five Hundred Twenty Thousand Eight Hundred Eighty-One Dollars and 40/100 ($1,520,881.40), together with prejudgment and post judgment interest, fees, costs and such other relief as this Honorable Court may order.

Dated: Garden City, New York
November 25, 2020

        Respectfully Submitted,

        *Frank J. Ciano*

        _____
        Frank J. Ciano, Esq.
        Alexi T. Poulianos, Esq.
        Gerber Ciano Kelly Brady LLP
        *Attorneys for Plaintiff*
        FCiano@gerberciano.com
        APoulianos@gerberciano.com
        GCKB File No.: 1036.0017
        **Mailing Address**
        228 Park Avenue South
        Suite 97572
        New York, New York 10003
        **Office Address**
        1325 Franklin Avenue, Suite 500
        Garden City, New York 11530
        (516) 329-9409